Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Houston Division

| | | |
|---|---|---|
| RANDALL E. ROLLINS | ) | Case No. 4:19-cv-1514 |
| | ) | (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | ) | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | ) | |
| SEE ATTACHED | ) ) ) | United States Courts Southern District of Texas F I L E D |
| | ) | JUL 15 2019 |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) | David J. Bradley, Clerk of Court |

## THIRD AMENDED COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Randall E. Rollins |
| Street Address | 4415 Valparaiso Circle |
| City and County | Pasadena, Harris County |
| State and Zip Code | Texas 77504 |
| Telephone Number | (713) 817-7088 |
| E-mail Address | rerollins2000@yahoo.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 15

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name: State of Texas
    Job or Title (if known): --
    Street Address: Capitol Building, 1100 Congress, Room 1E.8
    City and County: Austin, Travis
    State and Zip Code: Texas 78701
    Telephone Number: 512-463-5770
    E-mail Address (if known): sosdirect@sos.texas.gov

Defendant No. 2

    Name: State Commission on Judicial Conduct
    Job or Title (if known): --
    Street Address: 300 W. 15th St., #415
    City and County: Austin, Travis
    State and Zip Code: Texas 78701
    Telephone Number: 512-463-5533
    E-mail Address (if known): --

Defendant No. 3

    Name: Greenberg Traurig, LLP.
    Job or Title (if known): Law firm
    Street Address: 1000 Louisiana St., Suite 1700
    City and County: Houston, Harris
    State and Zip Code: Texas 77002-5001
    Telephone Number: 713-374-3509
    E-mail Address (if known): jacobsenk@gtlaw.com

Defendant No. 4

    Name: Kristen Jacobsen
    Job or Title (if known): Attorney
    Street Address: 1000 Louisiana St., Suite 1700
    City and County: Houston, Harris
    State and Zip Code: Texas 77002-5001
    Telephone Number: 713-374-3509
    E-mail Address (if known): jacobsenk@gtlaw.com

Defendant No. 5

Name: Shira Yoshor
Job or Title (if known): Attorney
Street Address: 1000 Louisiana St., Suite 1700
City and County: Houston, Harris
State and Zip Code: Texas 77002-5001
Telephone Number: 713-374-3509
E-mail Address (if known): yoshorS@gtlaw.com

Defendant No. 6

Name: Lincoln Goodwin
Job or Title (if known): Justice Court Judge
Street Address: 6831 Cypresswood Dr., Suite 4
City and County: Spring, Harris
State and Zip Code: Texas 77379-7700
Telephone Number: 713-274-6550
E-mail Address (if known): MyJP41@JP.HCTX.net

Defendant No. 7

Name: Harris County
Job or Title (if known): --
Street Address: 201 Caroline St., 3rd Floor
City and County: Houston, Harris
State and Zip Code: Texas 77002
Telephone Number: 713-755-5000
E-mail Address (if known): ccinfo@hccountyclerk.com

Defendant No. 8

Name: Tommy Ramsey
Job or Title (if known): Assistant Harris County Attorney
Street Address: 1019 Congress, 15th Floor
City and County: Houston, Harris
State and Zip Code: Texas 77002
Telephone Number: 713-755-1553
E-mail Address (if known): Tommy.Ramsey@cao.hctx.net

Defendant No. 9

| | |
|---|---|
| Name | TD Ameritrade, Inc. |
| Job or Title *(if known)* | *represented by Defendants Greenberg Traurig, LLP, et al. |
| Street Address | 1000 Louisiana St., Suite 1700 |
| City and County | Houston, Harris County |
| State and Zip Code | Texas 77002-5001 |
| Telephone Number | (713) 374-3509 |
| E-mail Address *(if known)* | jacobsenk@gtlaw.com |

Defendant No. 10

| | |
|---|---|
| Name | DOES 1-99 |
| Job or Title *(if known)* | unknown at this time |
| Street Address | unknown at this time |
| City and County | unknown at this time |
| State and Zip Code | unknown at this time |
| Telephone Number | unknown at this time |
| E-mail Address *(if known)* | unknown at this time |

Defendant No. 3

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 4

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question        [✓] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

18 U.S. Code sec's 1961, 1341, 1343, 1503
Due Process clauses of the 5th and 14th Amendments to the United States Constitution
Equal Protection clause of the 14th Amendment to the United States Constitution

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Randall E. Rollins, is a citizen of the State of *(name)* Texas.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* TD Ameritrade, Inc. , is incorporated under the laws of the State of *(name)* Delaware , and has its principal place of business in the State of *(name)* Nebraska .

Or is incorporated under the laws of *(foreign nation)* ,

and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

SEE ATTACHED

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/13/2019

Signature of Plaintiff: *RERollins*

Printed Name of Plaintiff: Randall E. Rollins

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

\*JURY TRIAL DEMANDED

ATTACHED

**Full name of each defendant who is being sued, and declaration of citizenship:**

1. STATE OF TEXAS,
2. STATE COMMISSION ON JUDICIAL CONDUCT,
3. GREENBERG TRAURIG, LLP, (\*is a law firm parnership)
4. KRISTEN JACOBSEN,---is a citizen of the State of Texas
5. SHIRA YOSHOR,---is a citizen of the State of Texas
6. LINCOLN GOODWIN, (\*sued in his individual capacity)---is a citizen of the State of Texas
7. HARRIS COUNTY,
8. TOMMY RAMSEY, (\*sued in his individual capacity)--is a citizen of the State of Texas
9. TD AMERITRDE, INC. (\*is a Nebraska corporation with articles thereof filed in Delaware)
10. DOES 1-99 (names, capacities and citizenship status unknown at this time)

**III. Statement of Claim Against:**

Defendants State of Texas, State Commission on Judicial Conduct, and Harris County for:
Violation of 18 U.S.C. Code, Sec. 1961, 1341, 1343, 1503 and Due Process Clauses
of the Fifth and Fourteenth Amendments and the Equal Protection Clause
of the Fourteenth Amendment to the United States Constitution

1. **Defendant State of Texas's** ("Texas") Rules of Civil Procedure, Rule 500.9 (formerly Rule 507) violates the due process clauses of the Fifth and Fourteenth Amendments and/or violates the equal protection clause of the Fourteenth Amendment to the United States Constitution by diluting the right of discovery to a privilege granted or denied by a Justice Court judge when such is not required of superior Texas courts. The fact that Plaintiff had to beg for his constitutional rights to discovery on **11/12/2018** in Justice Court, Precinct 8-2 when other litigants in higher Texas courts do not have to beg for discovery caused intentional infliction of emotional distress, mental pain, anguish, more litigation costs and an unnecessary obstacle in Plaintiff seeking a redress of grievances in the Justice Court. Discovery is a due process right, not a discretionary privilege to be granted or denied by a Justice Court judge. This instant case will essentially prove that **Defendant Texas** essentially prohibits en pro se litigants from having due process and equal protection under the law and their constitutional rights to a fair trial and/or hearing held in a fair and meaningful manner, and that Texas judges are, almost without exception, prejudiced against en pro se litigants and biased toward other judges and attorneys, especially those attorneys representing corporations.

2. **Defendant Harris County**'s Local Rule 1.7 for Justice Courts also violates the due process clauses of the Fifth and Fourteenth Amendments and/or violates the equal protection clause of the Fourteenth Amendment to the United States Constitution by subjecting the right to preserve evidence at trial or hearing to be granted or denied by a Justice Court judge when such is not required of other superior Texas courts. Plaintiff requested the right to record proceedings in the Justice Court, Precinct 8-2, cause No. 188200460196 but was denied that right on **12/12/2018** by a judge who is not a Defendant at present.

3. Plaintiff believes that Local Rule 1.7 is unconstitutional, that Plaintiff had a protected right to either record proceedings at Plaintiff's own expense, or to reimburse the aforementioned Justice Court for such recording. As a result of not being able to exercise the constitutional right to due process and equal protection under the law to preserve evidence, Plaintiff suffered intentional infliction of emotional distress, mental pain and anguish, and more litigation costs than otherwise would have been necessary if **Defendants Harris County and Texas** considered such recordings a right like other litigants are afforded in higher Texas courts.

4. **Defendant Texas** allows, condones, promotes, and even encourages the **Defendant State Commission on Judicial Conduct** ("Commission") to <u>not</u> sanction judges who have no discretion to act, who have no personal jurisdiction over litigants such as in Plaintiff's situation. Plaintiff filed an Affidavit of Prejudice against **Defendant Judge Lincoln Goodwin** ("Goodwin") on **01/23/2019** who continued to act with discretionary authority even though all his orders were null and void according to the Supreme Court of the United States' stare decisis on the subject of constitutional disqualification by affidavit of prejudice. The current system followed by the enterprise **Defendant Texas** and its "sub-enterprise," the **Defendant Commission**, is unconstitutional in that it not only does not sanction rogue judges who act without personal jurisdiction over parties, but the current system shields and protects these judges.

5. **Defendant Texas'** neglect to correct judges who have had affidavits of prejudice filed against them, shows Texas' contempt for the United States Supreme Court and the United States Constitution's due process clauses and the equal protection clause. Whereas Federal law encodes such protection under 28 U.S. Code, section 144, Texas wrongly disregards the rights of litigants to disqualify judges whom they believe to be prejudiced against themselves or biased toward the opposing parties. The failure of **Defendants Texas and its Commission** to publicly or privately sanction prejudiced judges, violates due process and equal protection under the United States Constitution.

6. Plaintiff complained to the Commission regarding **Defendant Goodwin**, but it falsely wrote that it could not act when a judge had discretion, which is not the case here. **Defendant Goodwin** did not have personal jurisdiction over Plaintiff once Plaintiff filed his timely, sufficient and unchallenged affidavit of prejudice, but only had <u>ministerial</u> jurisdiction to refer said affidavit to another judge. **Defendant Texas** must be federally <u>enjoined</u> from allowing judges challenged by such affidavits to continue to act with discretion on pleadings such as on motions for summary judgment or other dispositive motions. **Defendants Texas and Harris County** allowing **Defendant Goodwin** to continue to act caused Plaintiff intentional infliction of emotional distress, mental pain and anguish, unnecessary delay in seeking redress, and additional litigation costs.

7. Metaphorically, **Defendant Texas** is the main enterprise "spider web" under the R.I.C.O. Act allowing its sub-enterprises **Defendants Harris County and State Commission on Judicial Conduct** to violate the constitutional rights of especially en pro se "flies" who are regularly denied discovery and recording of court proceedings which can be fatal to their quest for redress in a fair and meaningful manner. **Defendant Texas'** judicial "swamp" desperately needs draining by the federal courts so that justice can be equally protected and preserved for all litigants---not for just corporations defended by large law firms.

### Defendants Greenberg Traurig, LLP, Kristen Jacobsen, Shira Yoshor, Lincoln Goodwin, Harris County, and Tommy Ramsey are also in Violation of
### 18 U.S.C. Code, Sec. 1961, 1341, 1343, 1503
### (The R.I.C.O. Act, etc.)

8. Something is rotten in Denmark when **Defendant Goodwin** allowed both **Defendant Kristen Jacobsen** ("Jacobsen") and then-unidentified **Defendant Shira Yoshor** ("Yoshor") to speak at bench with himself on **01/22/2019** when only one of these attorneys should have been speaking; specifically, **Defendant Jacobsen**, the attorney of record for her client, TD Ameritrade, Inc. **Defendant Goodwin** did not even care or bother to ask who was this other person standing at the bench beside **Defendant Jacobsen**. The other person was **Defendant Yoshor** who did not identify herself and who had not filed an appearance with the Court. Plaintiff had to make inquiries later as to her identity after returning home from the kangaroo hearing.

9. The "spider web" in this second R.I.C.O. enterprise is **Defendant Goodwin** who ignored Plaintiff's timely Affidavit of Prejudice filed against **Defendant Goodwin** immediately after the sham hearing of **01/22/2019**. Plaintiff filed a mandamus action against **Defendant Goodwin** in the Harris County Courts at Law No. 1 and No. 2 to enjoin him from further action. However, Plaintiff has a good-faith belief that before the hearing on Plaintiff's mandamus request was held in the Harris County Courts Nos. 1 and 2: **Defendant Goodwin**, someone in the **Defendant Harris County** Attorney's Office, and someone in **Defendant Greenberg Traurig, LLP**'s ("GT") law firm, communicated directly or indirectly with each other and conspired against Plaintiff.

10. Mysteriously, on **03/13/2019** at the first hearing in courtroom No. 1, the court reporter's record will prove that **Defendant Tommy Ramsey**, an Assistant Harris County Attorney, did little or nothing at all to defend **Defendant Goodwin**, but **Defendant Jacobsen**, who was not **Defendant Goodwin**'s attorney, waxed eloquent for **Defendant Goodwin**----a blatant conflict of interest since she was also appearing before **Defendant Goodwin** representing her client TD Ameritrade, Inc. (which Plaintiff was suing).

11. Also, on **03/18/2019** at the second hearing in courtroom No. 2, **Defendant Tommy Ramsey** ("Ramsey") did not even bother to show up to defend **Defendant Goodwin**----but there was **Defendant Jacobsen**, "bright-eyed and bushy tailed" ready and willing to defend her favorite judge who was "in her pocket." The actions of **Defendants Goodwin, Jacobsen, Yoshor, GT, Harris County, and Tommy Ramsey** are evidence of a R.I.C.O. Act enterprise with mail and wire fraud, collusion, malice, bad faith, abuse of process, and aiding and abetting thrown in for good measure. All of the aforementioned acts were accomplished by these Defendants by using the United States mail and telephone wires to transmit fraudulent and illegal information and to encourage and promote a blatant obstruction of justice and denial of due process to Plaintiff.

**Additional Cause(s) of Action against Defendants Greenberg Traurig, LLP, Kristen Jacobsen, Shira Yoshor ("GT") and Defendant TD Ameritrade, Inc ("TD Ameritrade"):**

## I.
## FRAUD, COLLUSION, MALICE OR BAD FAITH

**Defendants GT**, acting individually and/or in-concert, intentionally and falsely certified in at least four certificates of service filed in the Harris County Justice Court, Precinct Eight, Place Two, cause No. 188200460196, that their four pleadings were mailed on a certain date, but were not mailed on the date certified as follows:

1. **Defendants GT** certified their answer was mailed on 11-5-2018, but was not mailed until 11-6-2018:
2. **Defendants GT** certified their motion to dismiss was mailed on 11-27-2018, but was not mailed until    11-29-2018.
3. **Defendants GT** certified their response to Plaintiff's motion to strike was mailed on 12-10-2018, but    was not mailed until 12-11-2018.
4. **Defendants GT** certified their amended motion to dismiss was mailed on 1-4-2019, but was not    mailed until 1-5-2019.

**Defendants GT's** fraud and delay in service:  was in violation of the Texas Rules of Civil Procedure and due process, shortened the time within which Plaintiff could act, caused intentional infliction of emotional distress, and interfered with Plaintiff's well being. Those who were involved in the fraud perpetrated against Plaintiff and the Court, to wit: who knew: what, when, where and why will be more clear after sufficient discovery since all Defendants in this instant case are associated with each other and stand to benefit financially from each others' actions.

## II.
## FRAUD AND MALICIOUS DEFENSE

**Defendants GT and TD Ameritrade**, acting individually and/or in-concert, intentionally created false evidence and made false statements in their pleadings advancing the false evidence and utilized the United States mails to deliver their fraudulent documents.  Specifically, **Defendants GT and TD Ameritrade** falsified an exhibit used in their motion to dismiss in item #2 above purportedly to show that this motion was mailed on 11-27-2018, but was not actually mailed until 11-29-2018. **Defendants GT and TD Ameritrade** falsified a United States Postal Service Receipt for Certified Mail which showed that the total postage and fees was $6.67, but the actual postage amount when Plaintiff received the envelope was $7.62.   Plaintiff believes that **Defendants GT and TD Ameritrade** violated federal postal regulations in falsifying a United States Postal Service receipt. **Defendants GT and TD Ameritrade** committed this fraud against Plaintiff and the presiding court to try to conceal the fact that they did not mail item #2 above until 11-29-2018 when they certified that they had mailed their motion to dismiss on 11-27-2018.  **Defendants GT and TD Ameritrade** created false evidence and submitted false pleadings advancing the evidence. **Defendants GT and TD Ameritrade's** actions were used to harass, annoy or injure Plaintiff, or delay or increase the cost of litigation incurred by Plaintiff.  **Defendants GT and TD Ameritrade**, by these and other violations of the R.I.C.O. Act, caused intentional infliction of emotional distress to Plaintiff then and now, as well as unnecessary legal expenses in seeking judicial redress of grievances.

## III.
## ABUSE OF PROCESS

In furtherance of their representation of **Defendant TD Ameritrade, Inc. and Defendants GT** intentionally used fraud and collusion in a malicious or tortuous act for an illegal purpose of depriving Plaintiff of due process and equal protection under the law and to keep Plaintiff from have a fair trial on the merits in a fair and meaningful manner. Clearly, **Defendants GT** knowingly misused the legal system to further both their pecuniary interests and those of their client, **Defendant TD Ameritrade**. Instead of having a relatively quick determination by the trier of fact in the Justice Court beginning in October, 2018, **Defendant TD Ameritrade** "lawyer-ed-up" and filed dilatory pleadings to circumvent Plaintiff's pursuit of redress as guaranteed by the due process clauses of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

## IV.
## CIVIL AIDING AND ABETTING AND CIVIL CONSPIRACY
(In-Concert Liability Claims)

**Defendants GT** knowingly aided and abetted **Defendant TD Ameritrade** and/or vice versa in committing the tort of fraud against Plaintiff. **Defendants GT**, as lawyers within a law firm or partnership, do not provide legal services in a vacuum because others, such as Plaintiff, might be defrauded or injured by **Defendant TD Ameritrade's** use of **Defendants GT's** legal services. In this instant case, **Defendants GT's** services were not honest and their conduct violated ethical rules of the Texas State Bar, Texas Rules of Civil Procedure, and Texas Government Code by their fraud, conspiracy to defraud, and serious and intentional ethical breaches. **Defendants GT's** unprofessional conduct of fraud had in its illegal purpose to burden Plaintiff with unnecessary and expensive court filings, travel expenses, appearances---all for the illegal purpose of keeping Plaintiff from seeking redress in the Justice Courts. Simply put, **Defendants GT and TD Ameritrade** wanted to overwhelm Plaintiff with their law firm's or corporation's capabilities so that Plaintiff could not have his "day in court." Moreover, **Defendant TD Ameritrade** knew, or should have known, that **Defendants GT** were violating federal law including, but not limited to, the R.I.C.O. Act because of **Defendants GT's** sending fraudulent material via the United States Postal Service and also by communicating and promoting the delivery of fraudulent information using telephone, facsimile, and/or other electronic devices. The degree, complexity and timing of the aforementioned link between the wrongful actions of both **Defendant TD Ameritrade** and **Defendants GT** will be more fully understood and clarified after discovery is completed.

## V.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH

**Defendant TD Ameritrade's** and **Defendant GT's** fraud, collusion, malice or bad faith, malicious defense, abuse of process, aiding and abetting each other to conceal and deceive both the Court and Plaintiff with the purpose of enriching the principal-agent enterprise and themselves, individually, and their misuse and abuse of the legal system has caused Plaintiff the intentional infliction of emotional distress and mental anguish and the continued loss of finances due to increased litigation expenses which is still occurring since October of 2018.

## VI.
## STATE AND FEDERAL CIVIL VIOLATIONS OF THE RICO ACT:
## (18 U.S. Code, section 1961)

**Defendants GT** and **Defendant TD Ameritrade** engaged in a pattern of racketeering activity connected to conduct or control of an enterprise, specifically composed of the partnership, Greenberg Traurig, LLP, and for its, and their own personal, enrichment, and the corporate enrichment of **Defendant TD Ameritrade**. Acting in concert, **Defendants TD Ameritrade and GT** committed at least two acts of racketeering activity: mail fraud under section 1341, wire fraud under section 1343, obstruction of justice under section 1503, as well as fraud connected with a non-bankruptcy case under title 11. **Defendants GT** under the direction and control of **Defendant TD Ameritrade**, used both the United States Postal Service and electronic transmissions over the wires, to misrepresent the truth of the date of service of at least four pleadings to both the Court and to Plaintiff, and also falsified and fabricated postal receipts and transmitted such using the United States Postal Service and/or electronic transmissions over the wires to further enrich their enterprise.

Furthermore, **Defendants GT and TD Ameritrade**, individually, collectively and in-concert with their enterprise, suborned false affidavits from their respective employees Gail Jamrok ("Jamrok") and Michael Ferguson. In paralegal Jamrok's affidavit, she stated that an employee of WALZ (a mailing service) prepares and sends **Defendants GT's** certified mail, but contradicts herself in her affidavit in stating that "A Greenberg Traurig employee" prepares and sends a piece of certified mail. Furthermore, Jamrok swore under oath in her affidavit that she had "personal knowledge" of all the matters stated in her affidavit and that they are true and correct when at least six or more people were involved in mailing **Defendants GT's** motion to dismiss, at least some of which were outside the purview of paralegal Jamrok.

**Defendant GT's** employee, Michael Ferguson, fraudulently stated in his sworn affidavit that he could not link Plaintiff's brokerage accounts at his desk "due to TD Ameritrade internal policy" but curiously that is exactly what his fellow associate Cohen Reagan did after Ferguson used profanity and threatened Plaintiff. Reagan did link Plaintiff's brokerage accounts at his desk. Ferguson also stated that all he said was "I messed up" which is not true. He outlandishly directed the "F" word toward Plaintiff and threatened to call the police. A video of the events of that October 12, 2018 day will prove what transpired but **Defendant TD Ameritrade** had that video erased according to the Webster Police Department. Also Ferguson falsely stated in his affidavit that Plaintiff was "hovering over my desk" and that Plaintiff "was attempting to rummage over the surface of my desk." Plaintiff was looking for a business card with Ferguson's name on it since he did not tell Plaintiff what his name was. There were no business cards on Ferguson's desk and the video would have proven that if **Defendant TD Ameritrade** did not have it erased. Contrary to his statement in his affidavit, Ferguson also left the scene and did not remain at his desk which the video would prove if it still existed.

The aforementioned was all a scheme to obstruct justice to keep Plaintiff from having his day in court wherein Plaintiff could present evidence to the trier of fact. At this present time, Plaintiff does not know the full and complete extent of involvement of **Defendants GT's** client, **Defendant TD Ameritrade**, in **Defendants GT's** illegal enterprise—their communications over the U.S. mails and wires to circumvent justice for Plaintiff will become more apparent as discovery will prove the who-what-when-where-why of their R.I.C.O. enterprise to harm Plaintiff and enrich themselves in the process.

## IV. Relief

At all times material to this cause of action, specifically, from 10/12/2018 to the date this instant complaint was filed, and probably continuing afterward, certain Defendants acting in their individual and/or official capacities: have violated the R.I.C.O. Act, used mail and wire fraud, engaged in judge and witness tampering, falsified evidence, participated in ex parte communications, denied Plaintiff his constitutional rights to the preservation of evidence at hearings, abused the judicial process, colluded with each other, acted with malice, bad faith, used litigation maliciously, collaborated in civil and criminal aiding and abetting and conspiracy, and deliberately caused the intentional infliction of emotional distress against Plaintiff---all to keep Plaintiff from having his original day in court at the first opportunity in October, 2018 so that Plaintiff could present evidence and have said evidence decided fairly by a trier of fact.   It has been almost eight months and thousands of dollars later and Plaintiff has still not had his full and complete due process and equal protection rights guaranteed by the United States Constitution.

Plaintiff respectfully requests the Court to order total damages in the amount of $1,100,000,000.00 divided jointly and severally against all Defendants for pecuniary, non-pecuniary and exemplary damages to be distributed among the various Defendants as follows:

1. Judgment against the **Defendant State of Texas**: $900,000,000.00 to be set up in a remediation trust administered by the United States Department of Justice or its designee in several FDIC-insured interest-bearing accounts for Texas en pro se litigants who can prove by claims, supported by evidence, that they have been denied due process and equal protection under federal or state law by Texas state judges, regardless if they were in civil or criminal courts on the condition that there is no statute of limitations for such claims going backward or forward until all the accounts are eventually depleted.

2. Judgment against **Defendant Harris County**: $80,000,000.00 to be set up in a remediation trust administered by the United States Department of Justice or its designee in several FDIC-insured interest-bearing accounts for Harris County en pro se litigants who can prove by claims, supported by evidence, that they have been denied due process and equal protection under federal or state law by Texas state judges, regardless if they were in civil or criminal cases in Harris County on the condition that there is no statute of limitations for such claims going backward or forward in time until all the accounts are eventually depleted.

3. Judgment against **Defendant State Commission on Judicial Conduct**: $10,000,000.00 to be set up in a remediation trust administered by the United States Department of Justice or its designee in several FDIC-insured interest-bearing accounts for all Texas en pro se litigants who can prove by claims, supported by evidence, that they have been denied due process and equal protection under federal or state law by Texas state judges, regardless if they were in civil or criminal cases in Texas if said judges had discretion or not until all the accounts are eventually depleted.

4. Judgment against **Defendant Greenberg Traurig, LLP**:   $9,000,000.00

5. Judgment against **Defendant Kristen Jacobsen**: $230,000.00

6. Judgment against **Defendant Shira Yoshor**: $250,000.00

7. Judgment against **Defendant Tommy Ramsey**: $150,000.00

8. Judgment against **Defendant Lincoln Goodwin**: $370,000.00

9. Judgment against **Defendant TD Ameritrade, Inc.**: $100,000,000.00

**AND/OR such other and further relief as the Court deem appropriate.**