UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

NOV 01 2019

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| RANDALL E. ROLLINS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-01514 |
| GREENBERG TRAURIG, LLP, et al., | § § | Date: (to be set by the Court) Time: |
| Defendants. | § § § | Place: |

**PLAINTIFF'S NOTICE OF: AND, MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(c); AND, MOTION TO VOID OR NULLIFY JUDGE HANEN'S ORDERS (DOCKET # 16 and 37) FOR WANT OF EN PERSONAM JURISDICTION**

**TO THE HONORABLE CHARLES ESKRIDGE, UNITED STATES DISTRICT JUDGE:**

NOW COMES Plaintiff, Randall E. Rollins, and respectfully requests the Court render a judgment on all the parties' dispositive motions, responses and replies thereto pending before this Court pursuant to Fed. R. Civ. P. 12(c); and, moves to void or nullify Judge Hanen's orders (Dkt # 16 and 37) for the following reasons:

Plaintiff and Defendants Greenberg Traurig, LLP, Kristen Jacobsen, Shira Yoshor and TD Ameritrade, Inc. ("non-government defendants") have reached a settlement agreement currently pending this Court's approval; therefore, all of said non-government defendants' dispositive motions and replies, and Plaintiff's responses thereto are, or will

1

be, moot if the Court approves the settlement between Plaintiff and the non-government defendants.

The State of Texas, Harris County, State Commission on Judicial Conduct, Tommy Ramsey, and Lincoln Goodwin's ("government defendants") dispositive motions and replies regarding Plaintiff's Third Amended Complaint and Plaintiff's responses thereto are still pending before this Court.

The main issue that the government defendants have raised is that Plaintiff cannot seek redress against the state of Texas in a federal district court for violations of Plaintiff's constitutional rights allegedly because the Eleventh Amendment gives the state of Texas sovereign immunity against such suits.

Plaintiff disagrees and argues that the Eleventh Amendment only bars out-of-state litigants from seeking redress in federal courts in Texas. In other words, a citizen of Maryland or a foreign country cannot bring suit against the state of Texas in a federal court in Texas. However, Plaintiff argues that he is a citizen of the state of Texas and has brought suit against the state of Texas in a federal district court in the state of Texas which action is not barred by the Eleventh Amendment.

The other main issue is whether or not Affidavits of Prejudice filed in Texas or federal courts are jurisdictional, that they deprive state and federal judges of making dispositive judgments and orders, that they only permit these judges to take ministerial or administrative actions such as scheduling orders, that these judges who ignore

2

Affidavits of Prejudice do so at their own peril as they have waived their qualified judicial immunity and may be sued civilly under the letter and spirit of the United States Constitution. It is well-settled that a judge has qualified judicial immunity unless he takes actions without en personam jurisdiction. This is the basis of Plaintiff's suit against Defendant Lincoln Goodwin and the basis of Plaintiff's motion for leave to add Harris County Court at Law Judge La Shawn Williams as a new defendant. Plaintiff believes that these two judges should not be allowed to continue their violations of constitutional proscriptions and should be held accountable for the damages to Plaintiff's civil rights.

The Court has entered an amended scheduling order, but in the interests of justice, fairness and in consideration of the time and expense to this Court and all the parties involved, Plaintiff respectfully requests that the Court first make a determination as to all the pending dispositive motions so that this case can either proceed toward a jury trial on the merits or not.

## SUMMARY OF PENDING MOTIONS AND RESPONSES

### I.
### NON-GOVERNMENT DEFENDANTS' DISPOSITIVE MOTIONS

If the Court approves the pending settlement agreement between Plaintiff and the non-government defendants, then the following dispositive motions, responses and / or replies would become moot:

Dkt # 7, 19, 27, 34, 39, 40, 42, 52, 53: (the non-government Defendants' dispositive motions and replies)

Dkt # 8, 17, 21, 43, 50, 58: (Plaintiff's responses and / or replies in opposition to the non-government Defendants' dispositive motions)

## II.
## GOVERNMENT DEFENDANTS' DISPOSITIVE MOTIONS

Since Plaintiff filed an Affidavit of Prejudice on September 19, 2019 against District Judge Andrew S. Hanen who properly recused himself from this case, all of Judge Hanen's dispositive orders (Dkt # 16, 37) are null and void leaving only his ministerial or administrative orders viable (Dkt # 2, 28, 65)

In the interests of timely justice, equity and fairness, Plaintiff respectfully requests the Court render a decision on the following or any subsequent dispositive motions by the government defendants and Plaintiff including, but not limited to:

Dkt # 22, 29, 31, 44: (the government Defendants' dispositive motions)

Dkt # 33, 51: (Plaintiff's responses and / or replies in opposition to the government Defendants' dispositive motions)

## III.
## POINTS AND AUTHORITIES WHY ALL OF DISTRICT JUDGE HANEN'S DISPOSITIVE ORDERS ARE NULL AND VOID

Plaintiff never accepted Judge Hanen's offer to recuse himself since Plaintiff never made a motion for Judge Hanen to recuse himself. Point of fact, Plaintiff filed a timely

and sufficient Affidavit of Prejudice against Judge Hanen and not a motion to recuse. Judge Hanen is attempting to circumvent due process because he knows that recusal is different than disqualification and has different ramifications, to wit:

Disqualification, by Affidavit of Prejudice as under 28 U.S. Code § 144, destroys the power of the Court to act, cannot be waived by the parties, and makes all proceedings, including those prior to removal, null and void, with the exception of purely administrative or ministerial actions. See: *Reeves v. State*, 114 Tex. 296, 302, 267 S.W. 666, 668 (1924) (quo warranto proceeding); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982); *Wallace v. State*, 138 Tex. Crim. 625, 628, 138 S.W.2d 116, 117 (1940); *Gilbreth v. State*, 124 Tex. Crim. 465, 467, 63 S.W.2d 560, 561 (1933) (setting case for trial); *Taylor v. State*, 81 Tex. Crim. 359, 365, 195 S.W. 1147, 1150 (1917) (setting case for trial); *Oxford v. State*, 49 Tex. Crim. 321, 323, 94 S.W. 463, 464 (1906) (transfer of cause from district to county court where lack of jurisdiction).

According to McDonald & Carlson Texas Civil Practice 2d:
"Whether the trial judge was recused or disqualified will determine whether the judge's order is void. If the trial judge was disqualified, the court lacked jurisdiction to hear the case and any order would be void." See: *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982)

5

Plaintiff never filed nor verbally made a motion to recuse District Judge Hanen, but instead filed a timely and sufficient Affidavit of Prejudice (Dkt # 64) against him to constitutionally disqualify him and to render all of his dispositive motions null and void. Therefore, all of Judge Hanen's non-ministerial orders before and after Plaintiff's constitutional and statutory Affidavit of Prejudice, are, and remain, null and void.

Judge Hanen wrongfully and fraudulently stated or implied in his "Recusal Order" (Dkt #65) that Plaintiff made a request or motion to recuse Judge Hanen which is a misrepresentation of the truth. Plaintiff did no such thing. Judge Hanen is acting under color of law to give legitimacy to his previous dispositive orders which became null and void the instant that Plaintiff filed an Affidavit of Prejudice against him.

The following are Judge Hanen's dispositive orders which are now constitutionally null and void: Dkt # 16, 37.

The following are Judge Hanen's ministerial orders which are viable except the scheduling order: Dkt # 2, 28, 65---*NOTE: Judge Hanen's Scheduling Order (Dkt # 59) was replaced by District Judge David Hittner's Scheduling Order (Dkt # 68) which was sustained by newly-reassigned District Judge Charles Eskridge's Special Order No. 2019--4 dated October 24, 2019.

## IV
## CONCLUSION

This case began over a year ago when Plaintiff went into non-government Defendant TD Ameritrade, Inc.'s (Ameritrade) office to get help with linking his two

6

brokerage accounts using Plaintiff's cell phone. Defendant Ameritrade's agent used profanity and threatened Plaintiff for absolutely no reason whatsoever. Defendants Greenberg Traurig, LLP's (Ameritrade's counsel), had the state case removed to this Court allegedly because Plaintiff alleged a R.I.C.O. cause of action even though state courts have concurrent jurisdiction and can also decide R.I.C.O. cases. Beforehand, in the state courts, two Texas judges, Defendant Lincoln Goodwin and Harris County Court Judge La Shawn Williams (whom Plaintiff has moved this Court to replace one of the DOES, [Dkt # 49]), both ignored Plaintiff's timely and sufficient Affidavit(s) of Prejudice, in violation of constitutional and case law, and continued to make dispositive orders and judgments which are, were, and remain null and void. These two judges, in neglecting to recuse or refer, have waived their qualified judicial immunity and are both subject to civil suit.

As to Defendants State of Texas, Harris County, State Commission on Judicial Conduct and Assistant Harris County Attorney Tommy Ramsey---"they" all were directly responsible or complicit in denying Plaintiff his constitutional rights to due process and equal protection under the United States Constitution and applicable law. None of these Defendants or soon-to-be-added Defendants want this case to be decided by a jury of Plaintiff's peers because of the substantial implications of this case on the quasi-judicial system that Defendant Texas wants to protect. Essentially, Defendants

Texas and Harris County want to protect the "status quo" so that litigants, both civil and criminal, are repeatedly and routinely denied basic civil rights.

However, before Plaintiff can bring to public scrutiny the overwhelming dysfunction and unconstitutional statutes and rules within the Texas and Harris County judicial system, Plaintiff's case must be allowed to proceed over the dispositive motions of the government defendants. (*Again, Plaintiff and the non-government Defendants have already reached a settlement agreement pending this Court's approval). If this Court decides to overrule the government Defendants dispositive motions, then this case can proceed to a jury of Plaintiff's peers as the United States Constitution guarantees. If the Court decides to sustain the government Defendants' dispositive motions, then the Court's Scheduling Order (Dkt # 68) would become moot. The only redress then available to Plaintiff would be to take Plaintiff's case to the legislatures and / or the public media which is not what Plaintiff wants, since litigants are continually being deprived of their due process and equal protection rights throughout the state of Texas. For example, litigants in Texas Justice Courts cannot have any discovery of admissible evidence and cannot have hearings and trials recorded (to preserve evidence in the event of appeal) without the express written consent of Justice Court judges. However, other higher courts in Texas do not have to jump this judicial hurdle, but some discovery and the recording of proceedings is always allowed if requested by the parties. This

egregious and blatant two-tiered system of "justice" in Texas needs to be remedied in the federal courts by a jury of Plaintiff's peers.

## V.
## PRAYER

In consideration of the foregoing points and authorities and all the relevant pleadings in this cause, Plaintiff respectfully requests the Court notice all the parties and schedule a hearing on: (1) Plaintiff's motion for judgment on the "live" dispositive motions, responses and replies described herein, and that the Court allow this case to proceed against all the remaining Defendants before a jury of Plaintiff's peers; and (2) rule that all of Judge Hanen's dispositive orders (Dkt # 16 and 37) are null and void, and such other and further relief as the Court deem appropriate.

Respectfully submitted,

By: /s/ Randall Rollins
Randall E. Rollins (en pro se)
4415 Valparaiso Circle
Pasadena, Texas 77504
(713) 817-7088

## CERTIFICATE OF SERVICE

I, the undersigned, do HEREBY CERTIFY THAT service of the foregoing: PLAINTIFF'S NOTICE OF: AND, MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(c); AND, MOTION TO VOID OR NULLIFY JUDGE HANEN'S ORDERS (DOCKET # 16 and 37) FOR WANT OF EN PERSONAM JURISDICTION has been made on this 30th day of October, 2019, by mailing a true copy thereof, in a sealed envelope, with postage prepaid, properly addressed via first-class United States mail to each of the following:

**Armando S. Chiu**  (*representing Def's Harris County, Ramsey and Goodwin)
1019 Congress, 15th Floor
Houston, Texas  77002

**John T. Cox, III** (*representing Def's Greenberg Traurig, Jacobsen, Yoshor and, TD Ameritrade)
2100 Ross Avenue, Ste. 2700
Dallas, Texas  75201

**Cynthia O. Akatugba** (*representing Def's Texas and S.C.J.C)
P.O. Box 12548
Capitol Station
Austin, Texas  78711-2548

By: /s/ R. Rollins
Randall E. Rollins
4415 Valparaiso Circle
Pasadena, Texas  77504
(713) 817-7088

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDALL E. ROLLINS, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 4:19-cv-01514 |
| GREENBERG TRAURIG, LLP, et al., | | |
| Defendants. | | |

## ORDER
(proposed)

In consideration of Plaintiff's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings ("motion") and all the parties' pleadings in opposition to, or in support of, said motion, and after sufficient notice and hearing, and in consideration of justice, fairness and equity, the Court hereby ORDERS that Plaintiff's motion is GRANTED, and that all Defendants' motions to dismiss and/or motions for summary judgment are DENIED and that Plaintiff's case may proceed to a jury trial and that Judge David Hittner's Scheduling Order (Dkt # 68) remains in effect.

SIGNED this ____ day of _____, 2019

_____
CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE