United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RANDALL E. ROLLINS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-01514 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GREENBERG | § | |
| TRAURIG, LLP, *et al.*, | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Plaintiff Randall E. Rollins moves to amend his complaint, seeking to add Judge LaShawn Williams as a defendant and an additional cause of action against the State of Texas. Dkt 49. The motion is granted.

This action arises from a prior case before the justice of the peace courts of Harris County, Texas, between Rollins and TD Ameritrade Inc. See Dkt 31 at 2. It was originally there before Judge Louie Ditta. Rollins filed a complaint with the State Commission on Judicial Conduct against Judge Ditta, and the case was transferred to Defendant Judge Lincoln Goodwin. Rollins also filed an affidavit of prejudice against him and again complained to the State Commission on Judicial Conduct. Judge Goodwin kept the case and eventually entered summary judgment against Rollins. Dkt 7-10 at 2. Rollins then appealed to the county court before Judge LaShawn Williams, who upheld the grant of summary judgment.

Rollins proceeds *pro se* and brought this federal action against Defendants State of Texas, Harris County, State Commission on Judicial Conduct, Greenberg Traurig, LLP, TD Ameritrade, Inc., Judge Lincoln Goodwin, Kristen Jacobsen, Tommy Ramsey,

Shira Yoshor, and Does 1 through 99. He alleges a RICO conspiracy and violations of his constitutional rights. Dkt 20.

A party may generally amend its original pleading as a matter of course within twenty-one days of service. FRCP 15(a)(1). Pleadings may be amended after that only with the opponent's written consent or permission of the court. FRCP 15(a)(2). "The court should freely give leave when justice so requires." FRCP 159a)(2). The decision to grant or deny leave to amend is within the sound discretion of the trial court. *Lozano v Ocwen Federal Bank FSB*, 489 F3d 636, 644 (5th Cir 2007) (citations omitted). But a bias exists in favor of leave to amend. *North Cypress Medical Center Operating Co Ltd v Aetna Life Insurance*, 898 F3d 461, 477 (5th Cir 2018) (citations omitted).

Courts must liberally construe *pro se* complaints and hold them to less stringent standards than pleadings drafted by lawyers. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), quoting *Erickson v Pardus*, 551 US 89, 94 (2007). A *pro se* litigant should generally be allowed an opportunity to amend his complaint before it is dismissed. *Brewster v Dretke*, 587 F3d 764, 767-68 (5th Cir 2009) (citations omitted). But further leave to amend is not required once a plaintiff has pleaded his "best case." Id at 768 (citations omitted).

Rollins has already repleaded several times. The Court in its discretion could deny further amendment. See *Simmons v Sabine River Authority La*, 732 F3d 469, 478 (5th Cir 2013), citing *Ballard v Devon Energy Production Co*, 678 F3d 360, 364 (5th Cir 2012). But Greenberg Traurig, Jacobsen, Yoshor, and TD Ameritrade have now settled and been dismissed from this action. This leaves claims pending only against the State of Texas, the State Commission on Judicial Conduct, Harris County, Ramsey, and Judge Goodwin. The Court finds in this context that Rollins as a *pro se* litigant should have an opportunity to plead the last and best iteration of his allegations, including as to the further defendant he wishes to join. But this is in no way to be construed as a ruling on the merits of the pending motions to dismiss.

The request by Rollins to amend his complaint is GRANTED. Dkt 49. He must do so by June 15, 2020. No further amendment will be allowed absent a showing of good cause.

2

The motions to dismiss by the State of Texas, the State Commission on Judicial Conduct, Harris County, Tommy Ramsey, and Judge Lincoln Goodwin are DENIED WITHOUT PREJUDICE. Dkts 29, 31, 34. They may bring renewed motions against the amended complaint if desired.

The motion for default judgment by Rollins is DENIED as moot. Dkt 36. All defendants must file a responsive pleading to the fourth amended complaint in accord with the Federal Rules of Civil Procedure.

SO ORDERED.

Signed on May 28, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge