United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RANDALL E. ROLLINS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-01514 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GREENBERG | § | |
| TRAURIG, LLP, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The motion by Plaintiff Randall E. Rollins to void prior orders by Judge Andrew Hanen and for judgment on the pleadings is denied. Dkt 72.

This action arises from a prior case before the justice of the peace courts of Harris County, Texas, between Rollins and TD Ameritrade Inc. See Dkt 31 at 2. It was originally there before Judge Louie Ditta. Rollins filed a complaint with the State Commission on Judicial Conduct against Judge Ditta, and the case was transferred to Defendant Judge Lincoln Goodwin. Rollins filed an affidavit of prejudice against him as well and again complained to the State Commission on Judicial Conduct. Judge Goodwin kept the case and eventually entered summary judgment against Rollins. Dkt 7-10 at 2. Rollins then appealed to the county court before Judge LaShawn Williams, who upheld the grant of summary judgement.

Rollins proceeds *pro se* and brought this federal action against Defendants State of Texas, Harris County, State Commission on Judicial Conduct, Greenberg Traurig, LLP, TD Ameritrade, Inc., Judge Lincoln Goodwin, Kristen Jacobsen, Tommy Ramsey, Shira Yoshor, and Does 1 through 99. He alleges a RICO conspiracy and violations of his constitutional rights. Dkt 20.

Judge Hanen held a scheduling conference on September 11, 2019. Rollins then filed an affidavit of prejudice against him. Dkt 64. He there averred that Judge Hanen "has a personal bias in favor of Defendants" and that he "is prejudice against [Rollins] because [he is] appearing en pro se." Rollins made a number of other references comparing the situation to Nazi Germany, Stalinist Russia, and other equally amplified metaphors. Judge Hanen had previously expressed that he would recuse upon request of any party. Dkt 65. And so he did, with the case then transferring to this Court.

Rollins now asks for Judge Hanen's prior orders to be stricken as null and void. He identifies two but does not clearly articulate what the concern is. In one order, Judge Hanen denied as moot a motion to consolidate. Dkt 16. In another, he allowed a third amended complaint by Rollins to be the operative pleading, denied as moot Defendants' pending motions to dismiss, and denied as moot Rollins' pending motions to strike. Dkt 37.

Rollins refers to 28 USC § 144. It states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Plaintiff cites a number of authorities under Texas law applicable to state-court proceedings. But the affidavit of prejudice at issue here was made against a federal judge and must be construed according to federal rules. The plain language of § 144 says nothing about prior orders by the judge being automatically rendered *null and void* after the filing of an affidavit of prejudice. The Court has also searched but found no case suggesting this effect. A judge is instead only required to recuse himself if he or she determines that the affidavit is legally sufficient. *Douglas v Houston Housing Authority*, 587 Fed App'x 94, 98 (5th Cir 2014) (unpublished), quoting *Phillips v Joint Legislative Commission on Performance & Expenditure Review of Mississippi*, 637 F2d 1014, 1019 (5th Cir 1981). Another circuit has expressly held that an affidavit of prejudice does not "divest the court of jurisdiction of either the subject-matter or the person of the defendant." *Carrol v Zerbst*, 76 F2d 961, 962 (10th Cir 1935).

Rollins may request reconsideration of any prior order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure upon a showing of mistake, inadvertence, surprise, or excusable neglect, among a few other reasons. See also Charles Wright and Arthur Miller, *Federal Practice & Procedure*, § 2858 (3rd ed 2020). Reconsideration may also be requested under the Court's equitable powers with a showing of "extraordinary circumstances." *Thymes v Sans Chevaux Investments LLC*, 790 Fed App'x 649, 650 (5th Cir 2020) (unpublished), quoting *Batts v Tow-Motor Forklift Co*, 66 F3d 743, 747 (5th Cir 1995). But the motion as filed—to simply void and nullify prior orders of a prior judge without explanation of incorrectness—is denied.

Rollins also moves for judgment on the pleadings. Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." No defendant has yet filed an answer in this case. The pleadings thus are not yet closed, making the motion untimely as filed. See *Mandujano v City of Pharr, Texas*, 786 Fed App'x 434, 436 (5th Cir 2019) (unpublished), citing Charles Wright and Arthur Miller, *Federal Practice and Procedure*, § 1367 (3d ed 2019). While the motion in this respect is denied, it may be reasserted at the proper and later time.

The motion to void and nullify the prior orders of Judge Hanen and for judgment on the pleadings is DENIED. Dkt 72.

SO ORDERED.

Signed on May 28, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge