United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RANDALL E. ROLLINS | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-01514 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GREENBERG | § | |
| TRAURIG, LLP, *et al*, | § | |
| Defendants. | § | |

**OPINION AND ORDER
GRANTING MOTIONS TO DISMISS**

The motions to dismiss by Defendants the State of Texas, the State Commission on Judicial Conduct, Harris County, Judge Lincoln Goodwin, Tommy Ramsey, and Judge Lashawn Williams (individually and in her official capacity as Harris County Civil Court at Law Judge) are granted. Dkts 86, 87, 88, 89, 94.

The motion by Plaintiff Randall E. Rollins for sanctions against Harris County and its counsel, Patrick Nagorski, is denied. Dkt 100.

1. Background

Rollins initially brought action against former defendant TD Ameritrade, Inc in October 2018 in Justice Court, Precinct 8, Place 2, of Harris County, Texas. Dkt 7-1. A TD Ameritrade agent had allegedly directed profanity at him and threatened to call the police. Among other claims, he sued for intentional infliction of emotional distress and sought $10,000 in damages. Id at 2.

That case was originally before Judge Louie Ditta. But Rollins filed a complaint with Defendant the Texas State Commission on Judicial Conduct and moved to recuse Judge Ditta. Judge Ditta then voluntarily transferred the action to Judge

Lincoln Goodwin at Justice Court, Precinct 4, Place 1 of Harris County, Texas. Dkt 87 at 2. Rollins subsequently sought to disqualify Judge Goodwin and filed another complaint with the Commission on Judicial Conduct. Judge Goodwin didn't recuse, eventually entering a final judgment against Rollins in May 2019 and awarding TD Ameritrade $10,000 in attorney fees and costs. Judge Goodwin also found that Rollins "demonstrated a pattern of harassment and misconduct in litigation" and that his five motions for sanctions were "baseless and presented for an improper purpose, including to harass and cause unnecessary delay." Dkt 7-10 at 2.

Rollins appealed Judge Goodwin's order to Harris County Court at Law No 3 in July 2019. Dkt 87 at 3–4. TD Ameritrade moved for summary judgment. Judge LaShawn Williams presided over the appeal and granted the motion in August 2019. Id at 4.

As if the foregoing isn't complicated enough, the procedural history of this action and its removal here is even more so.

Rollins separately brought action in March 2019 in Justice Court, Precinct 2, Place 2, of Harris County, Texas against the law firm and lawyers representing TD Ameritrade—former Defendants Greenberg Traurig, LLP, Kristen Jacobsen, and Shira Yoshor. Rollins claimed in the second action that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 USC § 1961, *et seq*. Dkt 1-1 at 7–9. They removed the action in April 2019. Dkt 1.

A number of motions were filed before Rollins amended his complaint in June 2019. Dkt 11; see Dkt 3 (objections to notice of removal); Dkt 6 (motion to consolidate, denied as moot by Dkt 16); Dkt 7 (motion for summary judgment, terminated as moot by Minute Entry of 11/29/2019). The amended complaint added Defendants the State of Texas, the Commission on Judicial Conduct, Harris County, Judge Goodwin, and Ramsey as parties. Three days later, he filed a second-amended complaint. Dkt 12. Motion practice resumed until Rollins filed his third-amended complaint in July 2019. Dkt 20. A number of motions to strike and to dismiss were then filed, many of which Judge Andrew Hanen denied in August 2019. Dkt 14 (motion to dismiss);

Dkt 17 (motion to strike); Dkt 18 (motion pursuant to Rule 5(c) of the Federal Rules of Civil procedure); Dkt 37 (denying Dkts 14, 17, 18).

Rollins then filed an affidavit of prejudice against Judge Andrew Hanen in September 2019. Dkt 64. Judge Hanen recused himself, and the action was reassigned to Chief Judge Lee Rosenthal. Dkt 66. The case was then reassigned three days later to Judge David Hittner. Dkt 67. Rollins then voluntarily dismissed his claims against TD Ameritrade, Greenberg Traurig, Kristen Jacobsen, and Shira Yoshor in October 2019. Dkts 70, 75. The action was then reassigned to this Court the next day. Dkt 71. An unopposed motion to stay all discovery and scheduling deadlines was granted in February 2020. Dkt 80.

A motion by Rollins to amend his complaint a fourth time was granted in May 2020, with a number of pending motions to dismiss and a motion for default judgment being denied without prejudice. Dkt 82; see Dkts 29, 31, 34, 36, 49. Also denied were motions by Rollins to void and nullify the prior orders of Judge Hanen and for judgment on the pleadings. Dkt 83; see Dkt 72.

Rollins filed the operative fourth-amended complaint in June 2020. It's difficult to understand, but he essentially brings claims for violations of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, violations of the Equal Protection Clause under the Fourteenth Amendment, and RICO. Dkt 84 at 7–11. He seeks actual and exemplary damages totaling $990,890,000 jointly and severally against all Defendants. Id 11–12.

All Defendants moved to dismiss. Dkts 86–90, 94. Rollins responded. Dkts 93, 98.

Rollins then moved for sanctions against Harris County and its counsel, Patrick Nagorski. Dkt 100. He argues that sanctions are warranted because he wasn't "served a true copy" of the notice of an attorney substitution, namely Dkt 99. Harris County responded by noting that it sent Rollins a copy of the notice to his email address on October 16, 2020. Dkts 102, 102-1.

2. Legal standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. This also pertains to dismissals for lack of standing. *Moore v Bryant*, 853 F3d 245, 248 n 2 (5th Cir 2017).

Federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001), citing *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994). The Fifth Circuit holds that dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation* (*Mississippi Plaintiffs*), 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association, Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998).

The burden is on the party asserting subject-matter jurisdiction to establish by a preponderance of the evidence that it exists. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008), citing *Howery*, 243 F3d at 919, and *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

3. Analysis

Rollins proceeds here *pro se*. His filings are thus "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v Pardus*, 551 US 89, 94 (2007) (quotations omitted). Even so, his claims lack merit.

    a. Motion to dismiss by the State of Texas and the State Commission on Judicial Conduct

The State of Texas and the Commission on Judicial Conduct argue that the claims against them should be dismissed for a number of reasons. Most importantly, they argue that sovereign immunity bars the claims against them, that neither waived their immunity, and that Congress hasn't otherwise abrogated their immunity as to the type of claims at issue. Dkt 86 at 10–16. Rollins responds that sovereign immunity only bars individuals

4

from foreign countries and states other than Texas from bringing action against Texas in federal court. Dkt 93 at 5.

The Eleventh Amendment to the United States Constitution states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In other words, the plain text of the Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v Region 20 Education Service Center*, 307 F3d 318, 326 (5th Cir 2002) (citations omitted). Despite the plain text of the Eleventh Amendment, "sovereign immunity also prohibits an individual from suing his home state in federal court." *Cutrer v Tarrant County Local Workforce Development Board*, 943 F3d 265, 269 (5th Cir 2019), citing *Hans v Louisiana*, 134 US 1 (1890). And "Eleventh Amendment immunity operates like a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state." *Union Pacific Railroad, Co v Louisiana Public Service Commission,* 662 F3d 336, 340 (5th Cir 2011) (citations omitted).

"Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v Board of Commissioners of the Orleans Levee District*, 294 F3d 684, 688–89 (5th Cir 2002), citing *Regents of the University of California v Doe*, 519 US 425, 429 (1997). And the Fifth Circuit plainly holds, "The State Commission on Judicial Conduct is also an agency of the state." *Krempp v Dobbs*, 775 F2d 1319, 1321 & n 1 (5th Cir 1985), citing Texas Constitution art 5 § 1-a(2).

There are three exceptions that allow for suits against states, state agencies, and state officials in federal court. One is that a state may explicitly waive its sovereign immunity. *College Savings Bank v Florida Prepaid Postsecondary Education Expense Board*, 527 US 666, 670 (1999), citing *Clark v Barnard*, 108 US 436, 447–48 (1883). "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Sossamon v Texas*,

5

563 US 277, 285 (2011), citing *Pennhurst State School and Hospital v Halderman*, 465 US 89, 99 (1984). "Waiver may not be implied." *Sossamon*, 563 US at 284 (citations omitted). Another exception is that Congress may abrogate sovereign immunity through "the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance." *Florida Prepaid*, 527 US at 670, citing *Fitzpatrick v Bitzer*, 427 US 445 (1976). A final exception is that "the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit" if the "complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland Inc v Public Service Commission of Maryland*, 535 US 635, 645 (2002), quoting *Idaho v Coeur d'Alene Tribe of Idaho*, 521 US 261, 270 (1997).

The RICO claims against Texas and the Commission are barred by sovereign immunity. Neither has waived their sovereign immunity in this action, and "Congress has not unequivocally expressed its intention to abrogate the states' sovereign immunity from claims brought pursuant to RICO." *Gaines v Texas Tech University*, 965 F Supp 886, 889 (ND Tex 1997), citing *Bair v Krug*, 853 F2d 672, 674–75 (9th Cir 1988); see also *Sissom v University of Texas High School*, 927 F3d 343 (5th Cir 2019) (proceeding on assumption that RICO doesn't abrogate state sovereign immunity); *Chaz Construction, LLC v Codell*, 137 F Appx 735, 743 (6th Cir 2005). And the doctrine of *Ex parte Young* isn't applicable, as Rollins seeks compensatory damages rather than prospective relief.

The claims against Texas and the Commission pursuant to the Fifth and Fourteenth Amendments are also barred by sovereign immunity. While Rollins doesn't cite the statute, 42 USC § 1983 "provides a vehicle by which a plaintiff may seek redress for constitutional injuries." *World Wide Street Preachers Fellowship v Town of Columbia*, 591 F3d 747, 752 (5th Cir 2009). But claims against a state brought pursuant to Section 1983 are barred because Congress hasn't abrogated the states' sovereign immunity from claims brought under that statute. *Aguilar v Texas Department of Criminal Justice*, 160 F3d 1052, 1054 (5th Cir 1998), citing *Farias v Bexar County Board of Trustees for Mental Health Mental*

*Retardation Services*, 925 F2d 866, 875 n 9 (5th Cir 1991); see also *Turner v Texas Department of Criminal Justice*, 836 F Appx 227, 231 (5th Cir 2020, *per curiam*); *Spec's Family Partners, Ltd v Executive Director of the Texas Alcoholic Beverage Commission*, 972 F3d 671, 681 (5th Cir 2019) (citations omitted). And again, neither Texas nor the Commission has waived their sovereign immunity in this action.

The claims against the State and the Commission will be dismissed.

### b. Motion to dismiss by Harris County

Harris County raises a number of arguments in support of its motion to dismiss, two of which pertain to standing. Dkt 87.

The United States Constitution vests power in the federal courts to adjudicate only "Cases" and "Controversies." Art III, § 2. A plaintiff must have standing under Article III to assert a claim in federal court. That requirement ensures that federal courts don't exceed their authority. *Spokeo, Inc v Robins*, 136 S Ct 1540, 1547 (2016); see also *Salermo v Hughes Watters & Askansae LLP*, --- F Supp 3d ---, 2021 WL 293311 (SD Tex). To establish that he has standing to pursue his claims, Rollins must show that he's suffered an injury in fact; the injury is fairly traceable to the challenged conduct; and the injury is likely to be redressed by a favorable judicial decision. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992).

It is the *injury-in-fact* criterion that's at issue here. The Supreme Court often summarizes this as a requirement for plaintiff to show "that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S Ct at 1548, quoting *Lujan*, 504 US at 560; see also *Carney v Adams*, 141 S Ct 493, 498–99 (2020). A "concrete injury is, like it sounds, 'real and not abstract.'" *Buchholz v Meyer Njus Tanick*, PA, 946 F3d 855, 861 (6th Cir 2020), quoting *Spokeo*, 136 S Ct at 1548; see also *Salermo*, --- F Supp 3d ---, 2021 WL 293311 at *5.

The constitutional violations alleged by Rollins pertain to Harris County Justice of the Peace Local Rule 1.7. This rule states, "Unless written permission is obtained from the Justice of the Peace, recording or broadcasting of court proceedings is

prohibited." He argues that this rule violates various provisions of the US Constitution because he wasn't able to "preserve evidence" by recording the proceedings in Judge Ditta's court before his case was transferred to Judge Goodwin. He also appears to bring an equal-protection claim on argument that he was treated unequally as a white man, although this claim, too, centers on the same asserted injury—*an inability to record court proceedings*. Dkt 84 at 9.

Harris County argues that Rollins hasn't suffered any injury. Dkt 87 at 9–11. It reasons that when the case was transferred from Judge Ditta (who apparently didn't allow recordings) to Judge Goodwin (who apparently did), Rollins had the opportunity to present any evidence and make any arguments that he previously wasn't able to record. The County also argues that even if the evidence wasn't preserved before Judges Ditta and Goodwin, Rollins was entitled to *de novo* review on appeal—meaning that he could have (again) presented any evidence and made any argument he wished. Id at 11.

Texas Rule of Civil Procedure 506.3 provides that, on appeal from a justice court, "The case must be tried *de novo* in the county court." The same rule further provides, "A trial *de novo* is a new trial in which the entire case is presented as if there had been no previous trial." Ibid. Rollins thus had opportunities to record his proceedings upon transfer to Judge Godwin's court and on appeal, during which he could have introduced any evidence or raised any prior arguments. As such, Rollins hasn't demonstrated that he's suffered an injury in fact as to his constitutional claims.

The County also argues that Rollins lacks standing to pursue his civil RICO claims. Dkt 87 at 11–13. The pertinent statutory section states, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore." 18 USC § 1964(c). The Fifth Circuit has explained that a plaintiff can't bring a civil RICO action unless he can show a concrete financial loss. *Patterson v Mobil Oil Corp*, 335 F3d 476, 492 (5th Cir 2003), citing *In re Taxable Municipal Bond Securities Litigation,* 51 F3d 518, 523 (5th Cir 1995). And the Fifth Circuit has further clarified that a RICO plaintiff must show a "conclusive financial loss" and not harm to "mere expectancy"

or "intangible" interests. *Gil Ramirez Group, LLC v Houston Independent School District*, 786 F3d 400, 408 (5th Cir 2015), citing *Price v Pinnacle Brands, Inc*, 138 F3d 602, 607 (5th Cir 1998).

By this, the County argues that Rollins fails to allege a direct, tangible financial loss to his business or property, and that he fails to show that any RICO violation was the proximate cause of his injuries. Dkt 87 at 11–13. Rollins doesn't address his standing under RICO in his response. Dkt 93. Opposition is thus waived. Rule 7.4, Local Rules of the United States District Court for the Southern District of Texas. Regardless, Rollins hasn't alleged that he's incurred a conclusive financial loss. Dkt 84. He thus lacks standing to bring action under RICO. *Leamon v KBR, Inc*, 2011 WL 13340587, *2 (SD Tex 2011); *Pena v Mariner Health Care, Inc*, 2010 WL 2671571, *3 (SD Tex); *Price*, 138 F3d at 606–07; *Zervas v Faulkner,* 861 F2d 823, 833 (5th Cir 1988).

The County also brings other arguments, but they needn't be considered. The claims against it will be dismissed.

   c. Motion to dismiss by Judges Goodwin and Williams

Judges Goodwin and Williams both argue that subject-matter jurisdiction is lacking as to the claims against them pursuant to judicial immunity. Dkt 88 at 9; Dkt 94 at 9–13. As to Judge Goodwin, Rollins responds that he "usurped" his jurisdiction, apparently asserting that he waived his immunity. Dkt 93 at 15. As to Judge Williams, Rollins responds that she acted *ultra vires* and without jurisdiction after Rollins filed an affidavit of prejudice against her. Dkt 93 at 6–7.

These judges are without question entitled to judicial immunity. The Fifth Circuit holds, "Judges enjoy absolute immunity from suit for acts undertaken in their judicial capacity, even those done maliciously or corruptly." *Price v Porter*, 351 F Appx 925, 927 (5th Cir 2009, *per curiam*), citing *Mireles v Waco,* 502 US 9, 10 (1991). The actions of Judges Goodwin and Williams were plainly undertaken in their judicial capacity.

There are two exceptions to judicial immunity, pertaining to actions taken by a judge either in a non-judicial role or in the complete absence of jurisdiction. Ibid, quoting *Mireles*, 502 US at 9, 11–12. But neither applies here, where each judge had

9

jurisdiction and acted solely in his or her judicial capacity while presiding over the action. And to be clear, the affidavit of prejudice by Rollins against Judge Williams didn't divest her of jurisdiction. Rule 18(a) of the Texas Rules of Civil Procedure governs recusal and disqualification of judges and it doesn't purport to be jurisdictional.

Judges Goodwin and Williams also raise other arguments, but they needn't be considered. The claims against them will be dismissed.

### d. Motion to dismiss by Ramsey

Rollins also brings a civil RICO claim against Ramsey. Dkt 84 at 9–10. Ramsey argues that Rollins doesn't have standing to bring such claim against him. Dkt 89 at 9–11. Rollins again doesn't address his standing to bring civil RICO claims in his response, thus waiving opposition under Local Rule 7.4. Rollins also fails (as above) to show a cognizable injury recognized by the statute. *Price*, 138 F3d at 606–07; *Zervas*, 861 F2d at 833.

The claims against Ramsey will be dismissed.

### 4. Potential for repleading

A district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). The Fifth Circuit holds that this "evinces a bias in favor of granting leave to amend." *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012) (citation omitted). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

Rollins has filed four complaints in federal court. Dkts 11, 12, 20, 84. Even so, he fails to state claims that can survive jurisdictional attack. Any further attempt to amend would be futile. Dismissal will be with prejudice.

5. Conclusion

The motions to dismiss by Defendants Harris County, the State Commission on Judicial Conduct, the State of Texas, Judge Lincoln Goodwin, Judge LaShawn Williams, and Tommy Ramsey are GRANTED. Dkts 86, 87, 88, 89, 94.

The claims by Plaintiff Randall E. Rollins are DISMISSED WITH PREJUDICE. Dkt 84.

The motion for sanctions by Rollins is DENIED AS MOOT. Dkt 100.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on August 11, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge